FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 24, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBIN O. O/B/O KMA, A MINOR CHILD,<br><br>                  Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                  Defendant. | No. 1:18-cv-03032-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 15, 19 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 19. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 15, is granted and Defendant's Motion, ECF No. 19, is granted in part and denied in part.

ORDER - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## THREE-STEP PROCESS FOR CHILDHOOD DISABILITY

To qualify for Title XVI supplement security income benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide a three-step process to determine whether a claimant satisfies the above criteria. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c). Finally, if the ALJ finds a severe impairment, the ALJ must then consider whether

the impairment "medically equals" or "functionally equals" a disability listed in the "Listing of Impairments" (listings). 20 C.F.R. § 416.924(c)-(d).

If the ALJ finds that the child's impairment or combination of impairments does not meet or medically equal a listing, the ALJ must determine whether the impairment or combination of impairments functionally equals a listing. 20 C.F.R. § 416.926a(a) (2011).[1] The ALJ's functional equivalence assessment requires the ALJ to evaluate the child's functioning in six "domains." These six domains, which are designed "to capture all of what a child can or cannot do," are as follows:

(1) Acquiring and using information:

(2) Attending and completing tasks;

(3) Interacting and relating with others;

(4) Moving about and manipulating objects;

(5) Caring for self; and

(6) Health and physical well-being.

---

[1] As of March 27, 2017, 20 C.F.R. § 416.926a(a) was amended. The ALJ rendered his decision on October 20, 2016, thus, the Court applies the version effective June 13, 2011.

ORDER - 4

20 C.F.R. § 416.926a(b)(1)(i)-(vi) (2011). A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitations in two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a) (2011). An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i) (2011). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i) (2011).

## ALJ'S FINDINGS

On October 1, 2013, Plaintiff filed an application on behalf of her minor custodial grandchild's behalf for supplemental security income (SSI) under Title XVI of the Social Security Act alleging disability as of October 22, 2003.[2] Tr. 261-66. The remainder of this opinion will refer to the minor seeking benefits as the Plaintiff. The application was denied initially, Tr. 165-71, and upon reconsideration. Tr. 172-78. Plaintiff and her grandmother appeared for hearings

---

[2] Plaintiff previously filed for SSI on February 1, 2012 alleging an onset date of October 22, 2003. This application was denied at the initial level on June 12, 2012. Tr. 129. The ALJ did not reopen the prior claim. Tr. 18.

ORDER - 5

before an administrative law judge (ALJ) on July 14, 2015 and July 29, 2016. Tr. 41-128. On October 20, 2016, the ALJ denied Plaintiff's claims. Tr. 15-40.

The ALJ noted that Plaintiff was a school-age child on the date her application was filed and an "adolescent" at the time of the hearing. Tr. 21. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 1, 2013. Tr. 21. At step two, the ALJ found that Plaintiff has the following severe impairments: attention deficit hyperactivity disorder (ADHD), inattentive type, versus attention deficit disorder (ADD) versus learning disorder; depression; anxiety; headaches; allergic rhinitis; and exercise induced bronchospasm. Tr. 21. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 21. With regard to functional equivalence, the ALJ concluded that Plaintiff does not have an "extreme" limitation in any domain of functioning or a "marked" limitation in two domains. Tr. 26-33. As a result, the ALJ concluded that Plaintiff has not been disabled, as defined in the Social Security Act, since October 1, 2013, the date the application was filed. Tr. 33.

On December 29, 2017, the Appeals Counsel denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

ORDER - 6

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 15. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;
2. Whether the ALJ properly evaluated the lay testimony;
3. Whether the ALJ properly determined Plaintiff's impairments did not meet the listing requirements; and
4. Whether the ALJ properly determined Plaintiff's impairments did not functionally equal a listing.

ECF No. 15 at 6-21.

**DISCUSSION**

**A. Conceded Errors**

Plaintiff contends the ALJ improperly weighed the medical and lay witness evidence in analyzing whether Plaintiff's impairments met or functionally equaled a listing at step three. ECF No. 15. Defendant concedes the ALJ committed reversible errors undermining the ALJ's Step Three findings. ECF No. 19 at 3-7. First, Defendant concedes the ALJ erred in weighing the testimony of the testifying medical expert, Tracy Gordy, M.D. ECF No. 19 at 3-6. Dr. Gordy testified that

Plaintiff satisfied listing 112.02,[3] then referred to as the category for organic mental disorders.[4] Tr. 91, 100, 105, 107. Dr. Gordy testified Plaintiff has short-

---

[3] The SSI childhood listings, including 112.02, were substantially revised in 2017, after the ALJ's decision but before the Appeals Council's decision which stated it expressly applied the "regulations and rulings in effect as of the date we took this action." Tr. 1. Plaintiff applies the version in effect at the time of the ALJ's decision. ECF No. 15 at 15. The Federal Register reads that "[w]e expect that Federal courts will review our *final decisions* using the rules that were in effect at the time we issued the decisions." *See* 81 FR 66138-01, 2016 WL 5341732, *n.1 (Sept. 26, 2016) (emphasis added). Neither party has raised the change in the listing requirements as an issue impacting the Court's decision herein.

[4] At the time of the ALJ's decision, listing 112.02 required a showing of at least one of the "paragraph A criteria" and at least two of the "paragraph B criteria." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 112.02(A), (B)(2) (2016). Paragraph A required medically documented persistence of: (1) developmental arrest, delay or regression; (2) disorientation to time and place; (3) memory impairment, either short term or long term; (4) perceptual or thinking disturbance; (5) disturbance in personality; (6) disturbance in mood; (7) emotional lability (e.g. sudden crying); (8) impairment of impulse control; (9) impairment of cognitive function; or (10)

ORDER - 8

term memory difficulties, disturbance in personality, disturbance in mood, emotional lability, poor impulse control, and disturbance of concentration and attention. Tr. 107. Dr. Gordy also testified Plaintiff's impairment functionally equaled the listing based upon marked impairment in three functional domains: (1) acquiring and using information; (2) attending and completing tasks; and (3) interacting and relating with others. Tr. 110-12. Defendant concedes the ALJ accorded these opinions little weight without adequate explanation. ECF No. 19 at 3-5; Tr. 26.

Defendant also concedes the ALJ erred in failing to discuss all of the lay witness evidence, including the Teacher Questionnaire from Plaintiff's second grade teacher, Charis Weber, who opined on April 6, 2012 that Plaintiff was below grade level in reading, makes "poor choices" socially, and had up to obvious functional problems in the domains of acquiring and using information, attending

---

disturbance of concentration, attention, or judgment. Id. § 112.02(A). Paragraph B required a showing of: (a) marked impairment in age-appropriate cognitive/communicative function; (b) marked impairment in age-appropriate social functioning; (c) marked impairment in age-appropriate personal functioning; or (d) marked difficulties in maintaining concentration, persistence, or pace. *Id.* § 112.02(B)(2).

ORDER - 9

and completing tasks, and interacting and relating with others.  ECF No. 19 at 6; *see* Tr. 291-98.  In addition, Defendant concedes the ALJ did not discuss the statement of Plaintiff's guardian, Joe Ozuna, pertaining to Plaintiff's activities and social limitations.  ECF No. 19 at 4, 6; *see* Tr. 407-08.  Though Defendant's Motion does not address the evidence, Plaintiff also notes that the ALJ did not discuss the letter of Plaintiff's peer regarding Plaintiff's self-harm.  ECF No. 15 at 15 (citing Tr. 411).

Plaintiff's Motion also contends the ALJ erroneously accorded little weight to the January 2014 Teacher Questionnaire of Emily Sutliff (Plaintiff's fourth grade teacher) and the witness statement of Plaintiff's grandmother, Robin Ozuna.  ECF No. 15 at 5-14.  Ms. Sutliff opined Plaintiff was below grade level in math and reading and had some "serious" and "very serious" problems in acquiring and using information and attending and completing tasks.  Tr. 328-35.  Ms. Ozuna opined Plaintiff was markedly limited in five functional domains.  Tr. 404-06.  Defendant concedes error in the ALJ's consideration of statements from the claimant's "mother"[5] and "teacher."  ECF No. 19 at 4.  Plaintiff's Motion is unopposed as to the ALJ's error in consideration of the lay witness statements.

---

[5] The index to the administrative transcript erroneously refers to the statement of Plaintiff's grandmother as the statement of "Claimant's Mother."

ORDER - 10

Last, given the ALJ's error in weighing the medical opinion testimony of Dr. Gordy, Defendant also concedes the ALJ erred in analyzing whether Plaintiff met or functionally equaled the severity of a listed impairment. ECF No. 19 at 5.

Accordingly, as both parties agree that the ALJ's decision was erroneous, the sole question before the Court is the proper remedy and whether the Court should remand for additional administrative proceedings or remand for an immediate calculation of benefits. Plaintiff argues this case should be remanded for an award of benefits. ECF Nos. 15, 20. Defendant has cross-moved requesting the matter be remanded for further proceedings for reconsideration of the improperly analyzed medical and lay evidence. ECF No. 19.

**B. Remand Standard**

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security

cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

**C. Analysis**

The Court concludes that each of the credit-as-true factors is satisfied and that remand for the calculation and award of benefits is warranted.

*1. Completeness of the Record*

As to the first element, administrative proceedings are generally useful where the record "has [not] been fully developed," *Garrison*, 759 F.3d at 1020, there is a need to resolve conflicts and ambiguities, *Andrews v. Shalala*, 53 F.3d

ORDER - 12

1035, 1039 (9th Cir. 1995), or the "presentation of further evidence ... may well prove enlightening" in light of the passage of time, *I.N.S. v Ventura*, 537 U.S. 12, 18 (2002). *Cf. Nguyen v. Chater*, 100 F.3d 1462, 1466–67 (9th Cir. 1996) (remanding for ALJ to apply correct legal standard, to hear any additional evidence, and resolve any remaining conflicts); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (same); *Dodrill v. Shalala*, 12 F.3d 915, 918, 919 (9th Cir. 1993) (same); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (en banc) (same).

Here, the record is sufficiently developed. It contains significant evidence dating from Plaintiff's second to sixth grade years from academic sources, lay witnesses, and multiple treating providers (both physical and mental health physicians, therapists, and specialists). The record also contains ample testimony from two full administrative hearings, including from Plaintiff and her grandmother, as well as Dr. Gordy, the medical expert called to testify at the second hearing.

Defendant contends further proceedings are necessary because Dr. Gordy's testimony was "somewhat ambiguous about when he thought the claimant's impairments worsened to the point of meeting the listing." ECF No. 19 at 5. A court may also remand for the limited purpose of determining when a claimant's disability began if that date is not clear from the credited-as-true opinion. *See*

*Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015). However, Dr. Gordy clearly testified that Plaintiff medically met listing 112.02 in July 2013:

> And best I can tell, the – difficulties really go back to the – maybe 2013. I mean, you could make a case for going back to 2012, when they did – when she was having the difficulties with the – whatever that was – when she was daydreaming, or whatever they're going to call it, when they did the EEG.
> But the solid material really starts with 3F, which was in July of '13.
> . . .
> Prior to that time, I don't think she met that listing, because she was actually functioning better. She was having some difficulty in school, but it was not to the degree that she does have now, –
> . . .
> – which is part of – the difficulty here is that, as time goes by, these kinds of situations become more and more apparent.

Tr. 108-09. Dr. Gordy's later testimony that Plaintiff's limitation in the single domain of attending and completing tasks became marked in 2014 as opposed to 2013, pertained to the functional equivalence analysis. Moreover, the testimony does not create an ambiguity as to Dr. Gordy's testimony regarding when Plaintiff's limitations met the listing.

Defendant also contends that further proceedings are warranted because Dr. Gordy's testimony regarding whether Plaintiff's limitations functionally equaled the listing was "somewhat equivocal" because he used the words "I think" in relaying his opinion pertaining to the domains. ECF No. 19 at 5 (citing Tr. 110 ("I think I'm going to call it marked"); Tr. 111 ("I think I'm going to have to go with marked"; Tr. 112). In some contexts, the words "I think" can be construed as words of equivocation. *See Arnold v. Runnels*, 421 F.3d 859, 867 (9th Cir. 2005)

ORDER - 14

(discussing invocation of criminal suspect's rights). However, in this context, a review of Dr. Gordy's testimony reveals he used the phrase "I think" sixteen times as part of his manner of relaying his thought process. Tr. 92, 93, 97, 99, 100, 101, 104, 105, 110, 111, 112, 116. Dr. Gordy is an experienced psychiatrist and medical expert who has worked for the Social Security Administration since 2000, Tr. 597; he was available for questioning or any clarification at the hearing. If the ALJ has appropriate reasons for rejecting evidence, "it is both reasonable and desirable to require the ALJ to articulate them in the original decision." *Harman*, 211 F.3d 1172, 1179 (9th Cir. 2000) (*quoting Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988)). Here, the ALJ did not reject Dr. Gordy's opinion because it was equivocal or insufficiently precise. Tr. 26. Further clarification of Dr. Gordy's testimony as to what "I think" meant, in this context, is not an outstanding issue that must be resolved.

Finally, Defendant contends the Court should remand this case for further proceedings because "there is evidence that conflicts with the finding of disability." ECF No. 19 at 6. The evidentiary conflicts Defendant cites are: (1) Plaintiff's fourth-grade teacher's (Emily Sutliff) comment that she did not think Plaintiff had a learning disability and struggles with motivation; and (2) the state agency physicians' opinions that Plaintiff had less than marked mental limitations. ECF No. 19 at 6-7 (citing Tr. 25, 335). However, Ms. Sutliff's January 2014

ORDER - 15

Teacher Questionnaire is entirely consistent with Dr. Gordy's opinion. She opined Plaintiff has "serious" to "very serious" problems in seven areas in the domain of acquiring and using information, Tr. 329, and six areas in attending and completing tasks, Tr. 330, as well as slight to obvious problems in interacting and relating with others, Tr. 331. Defendant references Ms. Sutliff's additional comments stating that Plaintiff's "struggle is with motivation, confidence, and ability to complete tasks with effort," and that she "would not think of [Plaintiff] having a learning disability." Tr. 335. Ms. Sutliff is not a psychologist and it is not evident whether Ms. Sutliff was aware the school psychologist had recently determined Plaintiff was eligible for special education support. *See* Tr. 344 (Dec. 3, 2013 notice of determination of qualification for special education support); Tr. 328 (Ms. Sutliff's assessment indicating reading and math instructional levels were below grade level and special education services offered were "none at this time."). The Individualized Educational Program (IEP) was not developed and implemented until February 2014, after Ms. Sutliff's assessment. Tr. 340. Contrary to Defendant's contention, Ms. Sutliff's assessment does not present a factual conflict creating serious doubt that Plaintiff is disabled warranting remand. *See Treichler*, 775 F.3d at 1101, 1107.

Neither do the state agency physicians' opinions, which were rendered on March 4, 2014 and May 15, 2014, Tr. 139-59, prior to the submission of over 300

ORDER - 16

pages of additional medical evidence which Dr. Gordy testified reflected a deterioration in Plaintiff's symptoms. Tr. 93. Though the state agency physicians assessed slightly less restrictive limitations, they concluded Plaintiff had limitations in at least five out of six domains, and upon reconsideration noted that Plaintiff "is having more anxiety, panic and learning complications." Tr. 140-48, 150-59. Moreover, no case would ever meet the credit-as-true requirements if mere divergence with the state agency physicians' opinions was always a sufficient evidentiary conflict to merit further administrative proceedings. Ninth Circuit precedent and the objectives of the credit-as-true rule foreclose the argument that "remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose.'" *Garrison*, 759 F.3d at 1021; *see Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

The Court concludes the record is fully developed and further administrative proceedings would serve no useful purpose. The first prong of the credit-as-true rule is met.

ORDER - 17

*2. ALJ Error*

As noted above, Defendant concedes the ALJ failed to provide adequate reasons for rejecting the opinion of Dr. Gordy, therefore the second prong of the credit-as-true rule is met.

*3. Crediting as True Demonstrates Disability*

The third prong of the credit-as-true rule is satisfied because if Dr. Gordy's expert medical testimony were credited as true, the ALJ would be required to find Plaintiff disabled on remand, as Plaintiff would meet the criteria for or functionally equal the severity of listing 112.02. *See Holden v. Berryhill*, 731 Fed.Appx. 606, 609 (9th Cir. 2018) (remanding for an immediate award of benefits after crediting expert medical testimony).

*4. Serious Doubt*

Finally, the record as a whole does not leave serious doubt as to whether Plaintiff is disabled. *Garrison*, 759 F.3d at 1021. Defendant fails to offer *any* persuasive argument to the contrary. ECF No. 19. Plaintiff's mental health impairments and their serious effects on her functionality over the course of years are documented in the academic, medical, and lay witness evidence of record, which was extensively and accurately discussed in Plaintiff's Motion prompting Defendant's concession of error. ECF No. 15. Dr. Gordy's testimony, an experienced psychiatrist and medical expert, Tr. 596-99, is the sole medical

opinion in the record taking into consideration the longitudinal record evidencing deterioration after the date of the state agency reviewers' opinions. Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler*, 775 F.3d at 1100 (internal citations omitted). In *Vasquez*, the Ninth Circuit exercised its discretion and applied the "credit as true" doctrine because of Claimant's advanced age and "severe delay" of seven years in her application. *Vasquez*, 572 F.3d 586, 593–94 (9th Cir. 2009). Here, the Plaintiff's young age and delay of more than five years from the date of the application make it appropriate for this Court to use its discretion and apply the "credit as true" doctrine pursuant to Ninth Circuit precedent.

The Court therefore reverses and remands to the ALJ for the calculation and award of benefits.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No.15, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, ECF No.19, is **GRANTED** in part and **DENIED** in part.

3. The Court enter **JUDGMENT in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits** consistent with the findings of this Court.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED October 24, 2018.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 20